UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LAWANA PORTER,

        Plaintiff,

   v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS,

        Defendant.

NO. CIV. S-00-978 FCD/JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Lawana Porter's ("plaintiff") motion to re-open non-expert discovery in this sexual harassment and retaliation action.[1] Pursuant to the Ninth Circuit's decision on August 5, 2005, reversing this court's grant of summary judgment to defendant California Department of Corrections ("defendant"), this case was remanded for trial. Porter v. California Dep't of Corrections, 419 F.3d 885 (9th Cir. 2005). The court issued an Amended Status (Pretrial Scheduling)

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

1 Order on November 21, 2005.  Said order re-set the dates for
2 expert disclosures, the final pretrial conference and trial but
3 retained the previously set date of December 28, 2001 for the
4 close of non-expert discovery.  The court, however, indicated
5 that either party could move to re-open discovery under Federal
6 Rule of Civil Procedure 16.  (Am. Status Order at 1 n. 1.)

7 Plaintiff now so moves, arguing that discovery should be re-
8 opened because in the four years since the close of discovery,
9 "significant changes" have occurred including: (1) plaintiff has
10 retired from defendant's employ and (2) plaintiff has retained
11 new counsel who have a "different assessment of the evidence and
12 believe additional percipient witnesses . . . should be deposed."
13 (Pl.'s Mem. of P.& A., filed Dec. 1, 2005, 2:15, 20-21.)  On this
14 basis, plaintiff seeks an order re-opening discovery to allow
15 supplemental written discovery responses and to permit the
16 depositions of additional percipient witnesses.  Defendant
17 opposes the motion, arguing that good cause does not exist to re-
18 open discovery as the case and its parameters have been
19 previously established by the parties' discovery prior to the
20 original discovery cut-off date.

21 Under Rule 16, a pretrial order "shall not be modified
22 except upon a showing of good cause."  Fed. R. Civ. P. 16(b).
23 The district court may modify the pretrial schedule "if it cannot
24 reasonably be met despite the diligence of the party seeking the
25 extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
26 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory
27
28

2

1  committee's notes (1983 amendment)).[2]  The "good cause" standard
2  set forth in Rule 16 primarily focuses upon the diligence of the
3  party requesting the amendment.  "Although the existence or
4  degree of prejudice to the party opposing the modification might
5  supply additional reasons to deny a motion, the focus of the
6  inquiry is upon the moving party's reasons for seeking
7  modification."  Id.
8      Here, the crux of plaintiff's motion is her new counsel's
9  desire to have a "second bite at the apple."  Plaintiff's intent
10 is made clear in the motion:  "While plaintiff's original counsel
11 had conducted discovery based on its own evaluation of the case,
12 plaintiff's new counsel, with guidance from the Ninth Circuit's
13 decision, has identified some additional percipient witnesses who
14 should be deposed prior to this case proceeding to trial."
15 (Pl.'s Mem. of P.& A. at 5:2-5.)  Neither the retention of new
16 counsel nor a Ninth Circuit remand decision constitutes good
17 cause to re-open discovery under Rule 16.  The party's *diligence*
18 in seeking discovery must be demonstrated.  Johnson, 975 F.2d at
19 609 ("If [the] party was not diligent, the inquiry should end.")
20 Here, plaintiff simply asserts that her new counsel *believes*, in
21 light of the Ninth Circuit's decision, that additional percipient
22 witness depositions are necessary.  Importantly, plaintiff fails
23 to describe the nature of this discovery, including the
24 witnesses' names and their relationship to the issues presented

---

26  [2]  Plaintiff's reliance on U.S. ex rel. Schumer v. Hughes
27 Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995) for the
   applicable standard is misplaced.  While the case involved the
   propriety of re-opening discovery, it did not address the
28 standard under Rule 16.

1  in this case, and why said discovery could not have been obtained
2  previously.  Absent this showing, relief under Rule 16 is not
3  warranted.
4      With respect to plaintiff's retirement, plaintiff argues
5  that discovery is necessary regarding her "damages claims."
6  Clearly, any relevant discovery pertaining to plaintiff's damages
7  is well within plaintiff's own custody and knowledge.  Defendant
8  does not seek additional discovery from plaintiff as a result of
9  her retirement, and thus, there is no basis to modify the court's
10 order as a result of plaintiff's retirement.
11     Finally, the court notes that to the extent plaintiff seeks
12 supplemental discovery responses, an order of the court is
13 likewise unnecessary.  Pursuant to Federal Rule of Civil
14 Procedure 26(e), parties are under a "duty to supplement" or to
15 "seasonably [a]mend" previous disclosures or responses if the
16 party "learns that in some material respect the information
17 disclosed is incomplete or incorrect and if the additional or
18 corrective information has not otherwise been made known to the
19 other parties during the discovery process or in writing."  Fed.
20 R. Civ. P. 26(e)(1) and (2).
21     For all of these reasons, plaintiff's motion to re-open
22 discovery is DENIED.  The court's Amended Status (Pretrial
23 Scheduling) Order, filed November 21, 2005, is affirmed.
24     IT IS SO ORDERED.
25 DATED: January 6, 2006

                                /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
                                UNITED STATES DISTRICT JUDGE